IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY L. HICKS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1068-L |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Larry L. Hicks, appearing *pro se*, has filed an application for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be dismissed on

limitations grounds.

I.

Petitioner was convicted of aggravated robbery and sentenced to 40 years confinement.  His

conviction and sentence were affirmed on direct appeal. *Hicks v. State*, No. 05-00-01953-CR, 2001

WL 1269611  (Tex. App.--Dallas, Oct. 24, 2001, pet. ref'd).  Petitioner also filed two applications

for state post-conviction relief.  The first application was denied without written order. *Ex parte

Hicks*, No. 14,665-04 (Tex. Crim. App. Jun. 18, 2003).  The second application was dismissed as

successive. *Ex parte Hicks*, No. 14,665-05 (Tex. Crim. App. Apr. 27, 2005).  Petitioner then filed

this action in federal court.

II.

In multiple grounds for relief, petitioner contends that:  (1) he is actually innocent; (2) the jury was not permitted to hear new testimony establishing his innocence; (3) the trial court lacked jurisdiction; (4) the jury charge was defective; and (5) he received ineffective assistance of counsel.

Respondent has filed a preliminary response suggesting that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner addressed the limitations issue in a reply filed on August 24, 2005.  The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996).  In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]  This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending.  *Id.* § 2244(d)(2).  The one-year limitations period is also subject to equitable tolling in

---

[1]  The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 40 years confinement for aggravated robbery. The court of appeals affirmed his conviction on October 24, 2001 and the Texas Court of Criminal Appeals refused a petition for discretionary review on March 6, 2002. Therefore, petitioner's conviction became final 90 days thereafter on June 4, 2002, when the deadline for filing a petition for writ of certiorari expired. *See* S.Ct. R. 13.1 (90-day deadline for filing petition for writ of certiorari); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner filed two applications for state post-conviction relief. The first application was filed on March 5, 2003 and denied on June 18, 2003. The second application was filed on November 29, 2004 and dismissed on April 27, 2005. Petitioner filed the instant case on May 19, 2005.

The AEDPA limitations period started to run on June 4, 2002, when petitioner's conviction became final. *See* 28 U.S.C. § 2254(d)(1)(A). This period was tolled from March 5, 2003 to June 18, 2003, and from November 29, 2004 to April 27, 2005, a total of 254 days, while properly filed applications for state post-conviction relief were pending.[2] Even allowing for this tolling period, petitioner waited more than one year before filing his federal writ. In an attempt to justify this delay, petitioner argues that he did not discover the factual predicate of his claims until an unspecified date when obtained affidavits from his father, mother, niece, and nephew implicating his brother, Johnny

---

[2] Petitioner filed another state writ seeking an order compelling the trial court to provide him with a free transcript. *Ex parte Hicks*, No. 14,665-03 (Tex. Crim. App. Jan. 15, 2003). Because that writ sought essentially mandamus relief and did not challenge the judgment of conviction, it does not toll the AEDPA statute of limitations. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1360 (2003).

Hicks, in the robbery. (*See* Pet. Reply at 6-8). However, the operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). Petitioner does not indicate the date he became aware of the *facts* contained in these affidavits. Indeed, it appears that petitioner was aware of this evidence even before he appealed his conviction. At a hearing on a motion for new trial held in February 2001, defense counsel advised the court that Cynthia Brown, petitioner's mother, told him that "Johnny Hicks had admitted to her that he's the one that committed the crime and that the defendant, Larry Hicks, was not the one that committed this crime." (St. Hab. Tr.-V at 96). Based on the record, the court concludes that petitioner discovered the factual predicate of his "newly discovered evidence" claim at that time. *See Chism v. Johnson*, No. 3-99-CV-2412-BD, 2000 WL 256875 at *2 (N.D. Tex. Mar. 7, 2000) (rejecting argument that petitioner could not have discovered the factual predicate of his claim until witness executed affidavit recanting trial testimony).

Petitioner further argues that he had to rely on a "jailhouse lawyer" for advice and did not have access to the trial transcript before he filed his first state writ. Neither reason constitutes a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See, e.g. Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001) (inability to obtain research materials does not warrant equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of law and *pro se* status held insufficient to toll limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (lack of representation does not merit equitable tolling).

Nor is equitable tolling permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally

where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the statute of limitations. *See Felder*, 204 F.3d at 171; *Mason v. Cockrell*, No. 3-03-CV-0483-H, 2003 WL 21488226 at *2 (N.D. Tex. Apr. 23, 2003); *Rhinehart v. Cockrell*, No. 3-01-CV-1177-P, 2001 WL 1512029 at *2 (N.D. Tex. Nov. 21, 2001). The court therefore concludes that this case is time-barred and should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE