

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV 2 3 2005

CLERK, U.S. DISTRICT COURT
By _____
_Deputy_

| | |
|---|---|
| LARRY L. HICKS, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | § |
| | § |
| DOUGLAS DRETKE, Director | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division, | § |
| | § |
| Respondent. | § |

Civil Action No. 3:05-CV-1068-L

**ORDER**

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On August 29, 2005, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed. Petitioner filed Petitioner's Written Objections to Findings and Recommendations of the United States Magistrate Judge ("Objection") on September 12, 2005.

Petitioner was convicted of aggravated robbery and sentenced to 40 years confinement. His conviction and sentence were affirmed on direct appeal. Here, Petitioner contends that: (1) he is innocent; (2) the jury was not permitted to hear new testimony establishing his innocence; (3) the trial court lacked jurisdiction: (4) the jury charge was defective; and (5) he received ineffective assistance of counsel.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* 28 U.S.C. § 2244(d)(1)(A). This

Order – Page 1



period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). Petitioner's conviction became final on June 4, 2002, also the point the limitations period began to run on the time for Petitioner to file his federal habeas application. Petitioner filed two applications for state post-conviction relief. The first application was filed on March 5, 2003, and denied on June 18, 2003. Prior to this application, 273 days ran against the one-year limitations period. The second application was filed on November 29, 2004, and dismissed on April 27, 2005. Five hundred and twenty-eight days ran against the limitations period between the denial of the first application and the filing of the second application. Thus a total of 827 days, well in excess of two years, passed before Petitioner filed this action on May 23, 2005.

The magistrate judge determined that, even allowing for the tolling period, Petitioner's application for writ of habeas corpus is barred by the applicable statute of limitations. Report at 3. The magistrate judge recommends, therefore, that the court dismiss Petitioner's application for writ of habeas corpus, as it is time-barred. *Id.* at 5.

Petitioner objects to the Report, contending that although the state has made its case concerning AEDPA, he has made his case concerning his innocence. Objection at 2. Petitioner reasserts his argument regarding his innocence and requests the court to grant his petition in the interest of justice. *See generally* Objection.

After making an independent review of the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore accepted as those of the court. Accordingly, the court **overrules** Petitioner's Written Objections to Findings and Recommendations

Order – Page 2

of the United States Magistrate Judge; **denies** Petitioner's petition for the writ of habeas corpus; and **dismisses this action with prejudice** as time-barred.

It is so ordered this 23nd day of November, 2005.

Sam A. Lindsay
United States District Judge

**Order – Page 3**